THE JOHNSON LOAN AND TRUST COMPANY v. GEORGE H. BURR AND THE STATE BANK OF ST. JOHN.

**No. 188.**

1. PRACTICE— *Contesting Judgment — General Appearance.* "A general appearance to contest a judgment on account of irregularities will, if the grounds therefor are not sustained, conclude the parties as to any further questioning of the judgment." (*Burdette v. Corgan*, 26 Kan. 102.)

2. ———— *Voluntary Appearance—Waiver of Error.* Where by the court's order one is made a party to an action, and no proper summons is served upon him, his voluntary appearance in such action waives any error in the order making him a party and all objection to the summons.

3. ———— *In Appellate Court— Lack of Authority to Appear* Where the record fails to show that the plaintiff in error, which had for itself disclaimed any interest in the action, was legally authorized to appear for an administrator of the estate, who was alleged to be the real party interested, the petition in error should be dismissed.

Error from Stafford district court; J. H. BAILEY, judge. Opinion filed January 18, 1898. Affirmed.

*Cook & Gossett*, for plaintiff in error.

*J. W. Rose*, for defendants in error.

The opinion of the court was delivered by

Milton, J.: E. Howland commenced this action to foreclose a mortgage upon a tract of land in Stafford county, the debt secured thereby being evidenced by ten notes of eighteen dollars each. Joseph Sparks and wife, who gave the mortgage, Geo. H. Burr, the State Bank of St. John and others were made defendants. The petition alleged that the notes and mortgage had been delivered to the Johnson Loan and Trust Company, a corporation, and by it assigned to the plaintiff, Howland. The answer and cross-petition of the bank admitted these allegations, and averred that it held and owned a first mortgage superior to that of plaintiff against the same land, which was given by Sparks and wife to secure the payment of a promissory note in the sum of $624.20. It also averred that the trust company claimed a lien of some kind against the same land; that it was a necessary party to the complete determination of the issues in the case, but that its lien was junior and inferior to that of the cross-petitioner, and asked that the trust company be made a party defendant. On February 18, 1891, the court ordered that the trust company be made a party defendant and that it be served with summons. On March 31, 1891, the service of summons was duly made upon it, the answer day being April 27, 1891.

On May 6, the trust company not having pleaded in the action and being wholly in default, judgment was rendered in favor of the bank in the sum of $700.07 against Sparks and wife, and the foreclosure of its mortgage and the sale of the premises subject to plaintiff's mortgage, to satisfy the said judgment, were decreed. The decree expressly declared that the cross-petitioner's lien upon the mortgaged land was a second

lien, subject only to the lien of plaintiff's mortgage. On May 12, 1891, judgment was rendered in favor of plaintiff for the amount claimed in his petition, a foreclosure of his mortgage decreed, and a sale of the land under the foreclosure proceedings was ordered. In the decree, plaintiff's mortgage was expressly declared to be a first lien on the mortgaged premises. On December 14, 1891, the land was sold by the sheriff under the judgment in favor of the bank, and was bought by George H. Burr. On February 12, 1892, the court duly confirmed the said sale and ordered the clerk to cancel the mortgage set forth in the cross-petition, and also "to cancel the mortgage executed to the Johnson Loan and Trust Company and recorded in book 18 of mortgages, page 611."

The land was thereafter deeded by the sheriff to Burr, and by him subsequently sold to a party who purchased in good faith, for a valuable consideration. All of this occurred before the motion hereinafter specified was filed. On April 4, 1894, nearly three years after the judgment was rendered in favor of the bank, the trust company filed its motion to vacate the judgment under which the land had been sold and upon the faith of which a subsequent conveyance had been made. The trust company did not seek to set aside the sale, nor to reach the land itself, but to vacate the judgment as between itself and the defendants, Burr and the bank, so that further proceedings might be had. Burr, it appears, had paid to Howland the amount of his judgment long prior to the filing of said motion. Eleven grounds are set forth in said motion.

We find but three questions requiring consideration :

1. Was the trust company bound to answer in the

case when the petition did not name it as a party, upon its being served with a summons which stated that it had been sued by the plaintiff and must answer his petition, with no mention of the cross-petition?

· 2. Was the decree of foreclosure of the bank's mortgage, which was entered six days before the decree of foreclosure of Howland's mortgage, irregular and erroneous?

3. Does the record disclose the absence of necessary parties to the proceedings in error, and has the plaintiff in error the right to prosecute these proceedings?

As to the first question, counsel for defendant in error say it is answered in the affirmative by our supreme court in *Kimball et al. v. Connor*, 3 Kan. 414. The case cited does not tend to sustain this claim, but we find that in a later case, *Beecher v. Ireland*, 46 Kan. 97, the court declares its unwillingness "to extend the case of *Kimball v. Connor*," and says:

"In that case it was decided, that when the original summons is served upon a defendant he is in court for every purpose connected with the action, and is bound to take notice of every subsequent step taken therein. It was further held in the case that the defendant, having been served with a summons to answer the petition, was bound to notice the answer or cross-petition subsequently filed by a co-defendant."

The decision in *Beecher v. Ireland*, supra, is relied on by counsel for plaintiff in error as conclusively answering the first question in the negative. While that case is in some particulars like this, the two differ in several important respects. There, although Beecher was not named as a party in the petition, a personal judgment was rendered against him in favor of the plaintiff. Here a judgment in foreclosure barring the trust company as to any claim against the

mortgaged land was rendered in favor of the cross-petitioner whose cross-petition specially alleged that such company claimed some kind of an interest in the land. There the court said : ,

"The petition which E. A. Beecher was required to answer by the summons personally served upon him did not contain his name, nor were there any allegations therein sufficient to sustain or uphold any personal judgment against him. It was, therefore, error for the court, as to Beecher, to do more than render a decree for the foreclosure of the mortgage and a sale thereof to satisfy the judgment, costs, and expenses."

Again, it appears that Beecher appeared specially and moved to set aside the judgment at the term during which it was entered, and that proceedings in error were begun on the overruling of his motion. Here it is clear that plaintiff in error appeared generally and attacked the judgment on non-jurisdictional grounds ; among them being that the cross-petition did not state facts sufficient to constitute a cause of action, as well as several relative to the summons and to the fact that the petition was not properly amended. We think that, by this general appearance, plaintiff in error waived not only all objections to the summons, but also to the entering of the judgment against it upon the cross-petition.

In *Henderson v. Carbondale Coal and Coke Co.*, 140 U. S. 256, it was held that when a person is made a party, if no process is served upon him, his voluntary appearance waives any error in the order making him a party. ( See also *Moore v. Bruce*, 85 Va. 139 ; *Buerk v. Imhaeuser*, 8 Fed. Rep. 457 ; *Tyrrell v. Baldwin*, 67 Cal. 1.)

As to the effect of the general appearance by plaintiff in error by its motion to vacate, we must hold

that all the alleged irregularities in obtaining or entering the judgment were thereby waived. No issue concerning fraud in procuring the judgment is raised, or could have been, since the motion was not filed within two years after the judgment was rendered. Our supreme court declared the rule applicable here in the case of *Burdette v. Corgan*, 26 Kan. 102, where the motion to vacate the judgment contained non-jurisdictional as well as jurisdictional grounds. Having declared the appearance by the motion to be general, the court said :

"Such a general appearance to contest a judgment on acccount of irregularities will, if the grounds therefor are not sustained, conclude the parties as to any further questioning of the judgment."

Upon the proposition that the judgment upon the cross-petition was irregular because entered before the judgment upon the petition was rendered, we remark that the only party who was in a position to raise this question was the plaintiff, Howland, who was declared to have the first lien ; but since the court, by its judgment and order, preserved his rights, he could not well complain.

As to the third question, which is raised by the motion to dismiss, we find that the trust company purported to file the motion on its own behalf and on that of George W. Parsons, the administrator of the estate of J. P. Hill, who was in fact the assignee of the first mortgage on the premises, the trust company being the assignor, but the assignment was not recorded. On July 30, 1892, Hill commenced an action to foreclose his mortgage, numerous parties being made defendants, among them the bank and Burr, who answered disclaiming interest in the land. Larabee answered, claiming to own a mortgage which

had been made after and under the sheriff's deed to Burr. Cole and wife answered claiming to be the owners of the fee in the land under a deed from Burr. The court entered personal judgment in favor of Hill against Sparks and wife, and against him as to the land and any foreclosure of his mortgage, for the reason that the matter had been already adjudicated in the Howland case.

We fail to find sufficient allegations or any evidence as to the appointment and authority of Parsons as administrator of the estate of J. P. Hill, deceased, and the same is true as to the purported agency of the trust company for such administrator. As the trust company averred in the Hill case that it had assigned the mortgage to Hill, and disclaimed interest in the land in controversy, and in the Howland case was in default, we think it must be held to have no interest whatever in prosecuting the proceeding in error. As it does not sufficiently appear that it represents the administrator, we think the record affirmatively shows that the petition in error may properly be dismissed.

Upon the whole record, we conclude that, while the effect of proceedings heretofore had is to deprive the owner of the first mortgage of his rights, the result has not arisen from negligence for which the prevailing parties are responsible. The judgment of the trial court is affirmed.