## LAUSTEN v. UNION NAT. BANK OF BARTLESVILLE.

No. 9007—Opinion Filed May 21, 1918.

Rehearing Denied June 25, 1918.

(173 Pac. 823.)

1. **Process — Service by Publication — Sufficiency of Affidavit.**

Where it is stated in an affidavit to obtain service by publication that a defendant is a nonresident of the state, and that the plaintiff cannot with due diligence make service upon him within the state, it is not void or voidable because it is not alleged in terms that the action is one of those enumerated in section 4722, Rev. Laws 1910, in which service by publication is authorized, provided the description of the cause of action in the affidavit is sufficient to show that it is a case where such service is authorized.

2. **Judgment — Default Judgment — Vacation — Motion — Falsity of Affidavit for Service by Publication.**

A judgment regular upon its face rendered by default and upon publication service in an action where such service is authorized by statute after the adjournment of the term is not subject to attack by motion supported by affidavit, upon the ground of the falsity of the affidavit for publication.

(Syllabus by Galbraith, C.)

Error from District Court, Washington County; R. H. Hudson, Judge.

Action by the Union National Bank of Bartlesville against M. C. Lausten and others. Judgment against defendants by default, defendant Lausten's motion to vacate the judgment denied, and he brings error. Affirmed.

Norman Barker, for plaintiff in error.

Burdette Blue, for defendant in error.

Opinion by GALBRAITH, C. This appeal was prosecuted from an order of the trial court overruling a motion to vacate a judgment that had been rendered by default upon publication service; the action in which the judgment was passed being upon a promissory note, and to foreclose a real estate mortgage executed to secure the same. The motion was presented at a succeeding term and after the mortgaged land had been sold under decree of foreclosure. There were two grounds set up in the motion, as follows:

"(1) To quash and set aside the alleged service of summons, because the said affidavit for service by publication is not in due form, is contrary to law and is void.

"(2) That said affidavit for service by publication is false, contrary to the facts, and is void as hereinafter more specifically set forth."

Presented with the motion and made a part thereof are the affidavits of various acquaintances of the defendant in which each affirms that he is well acquainted with the defendant and knows that he was a resident of the state of Oklahoma at the time the said affidavit for publication service was made, and that he resided at the Grand Avenue Hotel in Oklahoma City.

To this motion to vacate the plaintiff below presented an "answer and response," which was duly verified, and omitting the formal parts, reads as follows:

"The plaintiff, Union National Bank, for its response and answer to the special appearance of the said defendant M. C. Lausten filed in the above-entitled cause, under date of September 27, 1915, states:

"(1) That it never had any notice or knowledge, actual or constructive, of the filing of said special appearance and motion until Monday, May 8, 1916, at which time said motion was called up and presented by the attorney for said defendant.

"(2) The judgment of which the defendant complains was rendered in the above-entitled cause on the 1st day of June, 1915,

and that thereafter, and pursuant thereto, and under the terms of said judgment, the property sought to be foreclosed in said action was duly and properly levied upon, advertised, and sold by the sheriff of said county and state, and that deed therefor was executed to the purchaser thereat, said purchaser being the plaintiff in this action, and that all of said proceedings were duly and regularly had and conducted in conformity with law, the orders of said court, and the statutes of the state, and that all of the same were concluded and said deed of the property involved in the action was duly executed, acknowledged, and recorded long prior to September 27, 1915, the date that said special appearance and motion filed in this cause, and said plaintiff hereby incorporates all of the several pleadings, motions, judgments, orders, returns, and reports, and all of the duly filed and recorded records in said cause in this answer by reference, and with the same and like effect as though set up herein in full.

"(3) Further answering, this plaintiff says on the —— day of ——, 1915, it filed its affidavit for publication service in this action, which said affidavit for publication service is incorporated herein by reference hereto, to the same and like extent as though set out herein in full; that an examination of said publication affidavit shows that the same was based upon two grounds: (a) That the said defendant was a nonresident of the state; (b) that this plaintiff could not, by the exercise of due diligence, secure that service of summons upon said defendant within this state, and said plaintiff detailed and described and gave the facts pertaining to the due diligence so used by it in such attempt.

"(4) Further answering, the plaintiff says that, pursuant to such affidavit for publication, publication notice or service duly issued, and that the same was published and in form in all matters and things in strict conformity with law and the statutes of this state, and the plaintiff hereby incorporates herein such publication service or notice by reference thereto, with the same and like effect as though set out herein in full.

"(5) Plaintiff further says that, pursuant to said affidavit for publication notice, the pleadings filed in the cause, and proper evidence, both oral and documentary, judgment was rendered herein on the 1st day of June, 1915, all as shown by the journal entry of judgment filed herein on that date, said judgment entry of judgment being incorporated herein and made a part hereof by reference thereto with same and like effect as though set out here in full, and plaintiff says that in such journal entry of judgment the court found that it had jurisdiction to enter said judgment, and that for the purpose of the relief prayed for by plaintiff the said defendant M. C. Lausten has been duly and properly served and notified, and was within the jurisdiction of the court.

"(6) Further answering, the plaintiff says and alleges that such affidavit for publication spoke the truth, and denies the allegation set up on such special appearance and motion, and also the statements in the affidavit attached thereto controverting the truth of the recitals contained in said affidavit for publication service, and says that it believed then, and now believes the fact to be that the said M. C Lausten was a nonresident of the state of Oklahoma.

"(7) Further answering, plaintiff says that the statements contained in the affidavit for publication as to the due diligence used by it were and are in all matters and things literally and exactly true, and that it was by the exercise of such diligence unable to make service of summons on said defendant, regardless of his residence or nonresidence, except by publication.

"(8) Plaintiff further says that, according to its best information and belief, at the time this suit was filed and service was had this defendant was hiding out and secreting himself in an attempt to evade the jurisdiction and process of the district court in and for Washington county, state of Oklahoma, and in an action therein pending in which he was being sued by his wife for alimony, and particularly to avoid a certain order duly issued and entered in the cause requiring him to pay into court certain suit money and attorney's fees. And plaintiff further says that it had no knowledge as to the defendant's whereabouts until he learned that he had instituted a suit for divorce in Oklahoma county, Okla., necessarily alleging and swearing to a legal and bona fide residence in the state of Oklahoma, but that such facts came to its knowledge and notice long after all the matters and things above set forth had been instituted and concluded, and on or about the 1st day of August, 1915.

"(9) Further answering, plaintiff says that in the month of August, 1915, it instituted a suit in the county court of Oklahoma county against the said defendant M. C. Lausten to secure judgment for a deficiency resulting from said sale, its indebtedness not having been fully satisfied by the sale of the property in, and which was the subject-matter of, this action; that to such petition this defendant, in his answer, set up the invalidity of this judgment on the same ground now urged by him here; that to that answer a demurrer was interposed, and that the same was sustained, and that said defendant refused to plead further, and plaintiff took and secured, and now has, a good, valid, and subsisting judgment in the county court of Oklahoma county against said defendant; that such court's finding and ruling as to the alleged invalidity of this judgment is conclusive and res judicata as to said defendant.

"(10) Plaintiff, further answering, says that this motion, if filable at all and entitled to any consideration should have been filed on or before the answer day named in the notice of publication, and that, having been filed out of time and after judgment and sale in this action, the same is entitled to no consideration for that reason, and should be stricken from the files. And plaintiff further says that, regardless of the objection just made, this is an attempt to set aside, vacate, and annul a judgment in a manner not provided for by statute, and, on the contrary, in direct violation of the statutory provisions governing in such a matter, which statutory provisions first require a party attacking a judgment under these circumstances to show good and complete defense to the main action, and to thereafter, in accordance with such statutes, attack the judgment on the grounds and in the manner therein provided for.

"(11) Further answering, this plaintiff denied each and every allegation contained in said special appearance, and likewise in the affidavit attached thereto.

"Wherefore this plaintiff asks that an appropriate order enter herein denying the application made by the said defendant, for the reason that the same is in contravention of plain statutory provisions which outline and provide a procedure in such cases," etc.

Upon the hearing the court denied the motion, and the defendant appealed. The errors assigned are:

(1) Denying the special motion to quash: (a) Because the affidavit for service by publication was not in due form; (b) because the same was not true.

(2) That the order complained of was contrary to law.

The burden of the complaint against the affidavit is that it is "not in due form," and therefore not sufficient to confer jurisdiction of the person of the defendant upon the trial court; that it does not contain the allegations in terms that the action was one of the class enumerated in the statute (section 4722, Rev. Laws 1910), authorizing service by publication; that it does not allege in the affidavit that the defendant was a nonresident; that it fails to allege sufficient acts of diligence to show an effort in good faith to make personal service of summons on the defendant, and therefore the affidavit, wanting in these essential allegations required by the statute, was fatally defective, and the judgment rendered in pursuance thereof was void, and the motion should have been sustained.

Section 4722, Rev. Laws 1910, authorizes service to be made by publication in certain classes of actions, in two instances, namely: (1) Where any or all of the defendants reside out of the state; (2) where the plaintiff with due diligence is unable to make personal service of summons on the defendant in the state. One of the classes of actions where publication service is authorized by this statute is:

"In actions which relate to, or the subject of which is, real or personal property in this state, wherein the defendant has a claim or lien therein, or the relief consists wholly or partly in excluding him from any interest therein, and such defendant is a nonresident of the state or a foreign corporation."

The affidavit, omitting the formal parts, was as follows:

"R. L. Beattie, being duly sworn says:

'That he is vice-president of the Union National Bank of Bartlesville, a national banking corporation, the plaintiff herein.

"That said defendants Mary K. Lausten and M C. Lausten, heirs of M. D. Lausten, deceased, reside out of the state of Oklahoma.

"That said plaintiff, with due diligence, is unable to make service of summons upon said defendants named above; that it has caused summons to issue to the sheriff of Washington county, Okla., and that the same has been returned. 'Not found'; that it has made inquiry at every possible source of information for the purpose of locating said defendants; and that affiant, as a result of such efforts, states that said defendants have been outside of the state of Oklahoma at all times since a time prior to the institution of this suit, and that they have not had since a time prior to such institution of suit any residence therein.

"That this action is brought for the purpose of realizing in a certain note executed by M. D. Lausten to the said M. C. Lausten in the sum of $714.75, together with interest, and likewise to realize upon a certain real estate mortgage given as security for the payment of said note by the said M. D. Lausten to the said M. C. Lausten, which said mortgage covers lot 8 in block 11. Capitol Hill addition to the city of Bartlesville, Washington county, state of Oklahoma, both of the same having been deposited with and assigned and transferred to this plaintiff by the said M. C. Lausten, payee in said note and mortgagee in said mortgage, as collateral security for the payment of a certain note to said bank executed and delivered by the said M. C. Lausten, under date of May 27, 1914, in the principal sum of $7, together with interest and attorney's fees, and said petition recited that no part of either of said notes has been paid, that they are long past due, and

'that said bank is therefore entitled to have foreclosure of the mortgage of M. D. Lausten and sale of the property covered thereby as in ordinary foreclosure sales, and the proceeds thereof applied to the satisfaction of its indebtedness. Said petition also recites that M. O. Lausten is dead, and that the above-named defendants are his heirs, and that no administrator or executor has ever been appointed for said defendant's estate, and said defendants are made parties in order to enable a sale of said mortgaged property and the realization by this plaintiff on the same as its collateral security."

While it is not alleged in the affidavit in terms that the action belongs to one of the classes enumerated in section 4722, where publication service is authorized, still that allegation is not essential where the recitals of the affidavit in regard to the cause of action show that the action properly falls within one of the classes of cases enumerated in the statute where publication service is authorized. Ballew v. Young et al., 24 Okla. 182, 103 Pac. 623, 23 L. R. A. (N. S.) 1084, where in the course of the opinion the court said:

"An allegation in the affidavit that the case is one of those mentioned in section 4276, Wilson's St., is not such a statement of fact as is required by the section to be made in the affidavit. Lieberman v. Douglass, 62 Kan. 784, 64 Pac. 590."

In the Lieberman Case the Supreme Court of Kansas says that:

Such allegation "is not such a statement of a fact as is required in the affidavit, but a mere conclusion of law, and renders the affidavit wholly insufficient, under the statute, as a basis upon which constructive service can properly be predicated."

It is clear, under these authorities, that the recitals of the affidavit in regard to the character of the action were sufficient to show that it was an action in which publication service was authorized by the statute. The affidavit alleged that the defendant was a nonresident of the state, and that with due diligence the plaintiff was not able to make service of summons on him within the state, and enumerates sufficient acts of diligence; that is, having summons issued to the sheriff of Washington county, and the same being returned "Not found," and of making inquiry at every possible known source to ascertain the whereabouts of the defendant. It is apparent that the court at the hearing found that the allegations of the affidavit were true, and those allegations being true, and the cause of action being one where publication service might be made, the affidavit was a sufficient compliance with the statute, and the publication service was properly made in the instant case. The court, therefore, obtained jurisdiction of the person of the defendant, and, the land covered by the mortgage being located in Washington county, the court had jurisdiction of the subject of the action, and therefore the judgment rendered was regular.

Again, it is insisted that the allegation of nonresidence in the affidavit was not true, and it is sought by the motion to controvert this fact and to vacate and set aside the regular judgment of a court of record and controvert one of the essential facts upon which that adjudication was based by ex parte affidavits. The principal vice in the argument in support of this contention is that it assumes as true the premise to be established by the argument, namely, the falsity of the allegation of nonresidence. The jurisdiction of the court does not depend upon nonresidence, but upon the evidence thereof furnished by the affidavit. The questions of whether the facts stated in the affidavit are true or not is immaterial until challenged in some recognized legal proceeding for the vacation of valid judgments. Ogden v. Walters, 12 Kan. 282; Larimer v. Knoyle, 43 Kan. 346, 23 Pac. 487.

The evidence furnished by the affidavit, as we have above held. being sufficient to confer jurisdiction upon the court, the judgment was regular and valid upon its face. If, as contended by the plaintiff in error, the allegation of nonresidence was not true, and the alleged acts of due diligence were untrue, this did not appear from the face of the record, and could only be made to appear by extrinsic evidence. The judgment was not void, and was therefore not subject to attack by motion, but could only be challenged "in some recognized legal proceeding for the vacation of a valid judgment."

There was no attempt to comply with the provisions of section 4728, Rev. Laws 1910, providing the manner of "opening judgment after default on service by publication." No notice was given of the intention to make application for the vacation of the judgment. No answer to the petition in the original action was offered or filed. No offer was made to pay the costs that had accrued, and there was no showing that during the pendency of the action "he had no actual notice in time to appear in court and make his defense." No offer was made to do equity in any respect. There was a standing upon the single proposition that the judgment was void by reason of the latent defects set up in the motion, and that the facts urged to establish these could be shown by ex parte affidavit. The statute pre-

scribes the procedure to be followed in such cases, but does not authorize the method pursued in the instant case.

It therefore appears that there was no error in the order of the trial court complained of, and the same should be affirmed.

By the Court: It is so ordered.