## MYERS v. CHAMNESS.

No. 14811—Opinion Filed June 10, 1924.

Rehearing Denied Sept. 16, 1924.

(Syllabus.)

1. **Appearance—Motion to Vacate on Non-jurisdictional Grounds.**

Where a party against whom a judgment is rendered seeks to vacate such judgment upon nonjurisdictional as well as upon jurisdictional grounds, he thereby enters a general appearance in the action, although in his motion or petition he says that he specially appears.

2. **Judgment—Vacation for Lack of Jurisdiction of Person—Statutes.**

Sections 812 and 814, Comp. Stat. 1921, have no application to judgments rendered by a court having no jurisdiction of the person of the defendant, and where the judgment, so called, is for that reason either void or voidable.

3. **Same—Lack of Process—Unauthorized Appearance by Attorneys—Evidence.**

A judgment rendered without service of summons upon the defendant, but upon an unauthorized appearance by attorneys, is voidable, and will be vacated upon the motion of the defendant calling the court's attention to such unauthorized appearance. In such case, evidence dehors the record is admissible to show such unauthorized appearance and want of jurisdiction.

4. **Same—Statute.**

Relief based on extrinsic evidence may be had against a judgment rendered without service of process, and upon the unauthorized appearance by attorneys, under the 3rd subdivision of section 810, Comp. Stat. 1921, empowering the court to vacate or modify its own judgments or orders on account of irregularity in obtaining the same.

5. **Same—Showing of Defense Unnecessary in Motion.**

It is unnecessary for the motion to vacate, based on extrinsic evidence of no service

of process, and unauthorized appearance, to show a meritorious defense to plaintiff's action.

6. **Same—Vacation for Fraud—Petition—Requisites.**

Where it is sought to vacate a judgment under the 4th subdivision of section 810, Comp. Stat. 1921, for fraud practiced by the successful party in obtaining the judgment, it is necessary to proceed by petition, verified by affidavit, setting forth the judgment, the grounds to vacate it, the defense to the action, and to issue summons on such petition as in the commencement of an action.

7. **Same—Necessary Showing of Valid Defense.**

By the provisions of section 814, Comp. Stat. 1921, the court is prohibited from vacating a judgment under the 4th subdivision of section 810, Comp. Stat. 1921, until it is adjudged that there is a valid defense to the action on which the judgment was rendered.

8. **Same—Effect as Appearance.**

A party cannot seek the vacation of a judgment, for fraud practiced by the successful party in obtaining the same, without subjecting himself to the jurisdiction of the court.

Error from District Court, Tulsa County: Valjean Biddison, Judge.

Proceedings by E. H. Myers, Jr., to vacate a judgment in favor of W. A. Chamness. From an order finding that Myers had entered his general appearance in the cause and granting him time to plead, he has appealed. Affirmed.

Louis W. Pratt, for plaintiff in error.

Owen. Yancey & Fist, for defendant in error.

NICHOLSON, J. This is an appeal from an order of the district court of Tulsa county, made and entered upon the petition of E. H. Myers, Jr., to vacate a certain judgment in the sum of $36,750 against him and in favor of W. A. Chamness.

It appears that on October 5, 1921, W. A. Chamness filed suit against E. H. Myers, Jr., and Harry M. Crowe, to recover the sum of $30,000, with interest and attorney's fee, upon a promissory note made, executed, and delivered to the plaintiff by said defendants. Summons was duly served on Crowe, but could not be served on Myers; a garnishee summons was issued and served on the First National Bank of Tulsa, which answered that it had no funds in its possession or under its control belonging to defendant

Myers. Answers were filed for each of the defendants by the law firm of Ramsey, deMeules, Rosser & Martin, and several stipulations for continuances were entered into by said attorneys and the attorneys for the plaintiff, and the cause was continued until the 11th day of August, 1922, at which time, the defendants failing to appear, judgment was rendered in favor of the plaintiff for the amount sued for.

On November 23, 1922, the defendant Myers filed in said cause his petition to vacate the judgment rendered on August 11, 1922. This proceeding was. on March 9, 1923, by the defendant Myers dismissed, and on March 14 1923. another petition to vacate said judgment was by him filed. In the petition it was alleged that the court acquired no jurisdiction of the person of said defendant; that he was a resident of Pittburgh, Pa., was not summoned or otherwise legally notified of the time and place of taking such judgment; that he was never served with summons within the state of Oklahoma nor by publication of substituted service without the state; that he never authorized a general appearance to be made in said action or the filing of an answer in his behalf, and that he neither voluntarily nor by due process of law became subject to the jurisdiction of the court. In said petition it was further alleged:

"5. This defendant alleges and states to this court that he at no time authorized a general appearance or the filing of an answer in his behalf, that he had no knowledge or information that a purported appearance had been made in his behalf by the attorneys representing the defendant Harry M. Crowe, that said answer was filed without. this defendant's knowledge or information that he was represented in the action and on the face of the record subject to the jurisdiction of the court, and no knowledge or information that the cause was set for trial upon any issue between the plaintiff and this defendant, and this defendant therefore alleges and charges that the judgment aforesaid was obtained by collusion and by fraud practiced by the successful party in obtaining the judgment or order aforesaid, whereby said purported appearance was made and jurisdiction of this defendant made to appear upon the record.

"6. This defendant, denying the jurisdiction of this court and making the following allegations for the purpose of his petition only and for no other purpose. alleges and states that the plaintiff above named wholly failed to perform services in consideration of which the note in suit was signed and delivered to plaintiff. and that there was a total failure of consideration of said note, and that the defect and infirmity in said note was asserted by and in behalf of this defendant shortly after its execution and delivery, and that at all times this defendant has had a good and sufficient defense upon the merits to plaintiff's cause of action upon said note, and that this defendant is ready and prepared to establish said defense in any court acquiring jurisdiction of this defendant and the subject-matter of the action.

"Wherefore, this defendant prays that upon this petition a summons shall issue and be served as in the commencement of an action, requiring the plaintiff above named to answer the allegations of this petition, and that upon final hearing by this court the said judgment be vacated. set aside, and held for. naught for want of jurisdiction over this defendant, and for fraud and collusion practiced by the successful party in obtaining said judgment, whereby the purported jurisdiction was made to appear."

Upon the hearing of said petition, the court found that Myers was not served with summons or by publication. and that the firm of Ramsey, deMeules, Rosser & Martin were not authorized to enter his appearance in the cause. but that Mr. deMeules of said firm had been misled in thinking, in good faith, that he had such authority. The court further found that in the petition to vacate the judgment rendered on August 11, 1922. the defendant Myers had entered his general appearance in the cause and that the court had jurisdiction of the subjectmatter, and of the parties; thereupon the judgment was vacated and Myers allowed 30 days within which to plead to the petition of the plaintiff. It is the order of the court adjudging that Myers had entered his general appearance and allowing him time to plead of which complaint is here made.

The propriety of our entertaining this appeal is not questioned by the defendant in error, hence we will treat the order as one from which an appeal will lie.

The sole question presented is, whether or not in the petition to vacate, Myers entered his general appearance, and thereby voluntarily submitted himself to the jurisdiction of the court, and this depends upon whether the allegations of the petition show that the vacation of the judgment was sought on non-jurisdictional as well as jurisdictional grounds. for it is well settled by the decisions of this court as well as those of the Supreme Court of Kansas. from which state our Code of Civil Procedure was borrowed, that when. it is sought to vacate a

judgment upon both jurisdictional and non-jurisdictional grounds. it will be deemed that a general appearance is entered. Welch v. Ladd, 29 Okla. 93, 116 Pac. 583; Ziska v. Avey et al., 36 Okla. 405, 122 Pac. 722; Morgan v. Kercher. 81 Okla. 210, 197 Pac. 433; Morgan v. Stevens et al., 101 Okla. 116. 223 Pac. 365; Burdette v. Corgan. 26 Kan. 192; Kaw Valley Life Ass'n v. Lemke, 40 Kan 142. 19 Pac. 337; Frazier v. Douglass. 57 Kan. 809. 48 Pac. 35; Neosho Valley Inv. Co. v. Cornell. 60 Kan. 282. 56 Pac. 475, Johnson Loan & Trust Co. v. Burr, 7 Kan. App. 703. 51 Pac. 916

It will be observed that in paragraph No. 5 of the petition filed by the defendant it is alleged that the judgment sought to be vacated was obtained by collusion and by fraud practiced by the successful party in obtaining the same. and in paragraph No. 6 it was alleged that the consideration for the note in suit had wholly failed.

It is claimed by the defendant that the allegations of paragraph No. 5 can by no possible, resonable construction be supposed to invoke the determination of the court upon any question except the fraud whereby the purported jurisdiction was made to appear, which is germane to the attack upon the jurisdiction of the court, and has no reference or allusion whatever to any non-jurisdictional element in the case; that an unauthorized appearance by an attorney by which jurisdiction was made to appear is a fraud not only upon the litigant but upon the court, citing Kerr v. Kerr, 41 N. Y. 272, Shumway v. Stillman, 6 Wend (N. Y.) 447, and Denton v. Noyes, 6 John. 296; and that the actionable character of such an action fully justified the allegations of fraud as natural and material. if not actually necessary averments in the petition to vacate the judgment for want of jurisdiction. and for that alone.

In seeking to justify the inclusion of paragraph No. 6 in the petition to vacate defendant says that such paragraph is in compliance with sections 812 and 814. Comp. Stat. 1921; that it is an affidavit of merits required by the statute, for the omission of which the court must deny the relief demanded; that it is not an answer. and petitioner guarded his special appearance for the purpose of denying the jurisdiction only, both at the outset and close of this compulsory allegation.

In Hanson v. Wolcott. 19 Kan. 207, it was held that the sections of the Kansas Statute. identical with sections 812 and 814 of

our statute, had no application to judgment rendered by a court having no jurisdiction of the person of the defendant, and in the very nature of things this is bound to be true, for it makes no difference whether there be a defense or not; if the court acquired no jurisdiction of the person of the defendant, judgment cannot be rendered against him. His rights cannot be determined until he is brought into court. It would be absurd to say that a party who has never been subjected to the jurisdiction of the court should be compelled to show a defense before he is entitled to challenge that jurisdiction.

The judgment sought to be vacated was. rendered without service of summons upon the defendant, but upon an unauthorized appearance by attorneys; therefore. the court did not. in fact. acquire jurisdiction of the person of the defendant. This infirmity did not appear upon the face of the judgment hence it was not void, in the legal sense, but was voidable, and should have been vacated on the motion of the defendant, calling the court's attention to such unauthorized appearance and evidence dehors the record was admissible to show such unauthorized appearance, and want of jurisdiction. Edward v. Smith. 42 Okla. 544, 142 Pac. 302; Pettis v. Johnston. 78 Okla. 277, 190 Pac. 681. Under these circumstances, relief might have been had under the 3rd subdivision of section 810, Comp. Stat. 1921, on account of irregularity in obtaining the judgment. and it was unnecessary for the motion to vacate to be supported by an answer showing a meritorious defense, or to in any other manner show such defense. Pettis v. Johnston. supra.

Instead of proceeding under this subdivision of said section of the statute the defendant proceeded under the 4th subdivision of said section. seeking the vacation of the judgment for fraud practiced by the successful party in obtaining the same. Under this provision it was necessary to proceed by petition verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, and to issue summons on such petition as in the commencement of an action. Section 812, Comp. Stat. 1921.

By the provisions of section 813, Comp. Stat. 1921, the court may first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense. and by section 814 thereof, the court is prohibited

from vacating a judgment until it is adjudged that there is a valid defense to the action on which the judgment was rendered.

In proceedings to vacate a judgment upon petition, the court is called upon to do more than inquire into its jurisdiction of the person of the defendant. It must also be adjudged that there is a valid defense to the action. and this the court has no power to do until it has acquired jurisdiction of the person of the defendant. In the case at bar, the court was required to find that the judgment was procured by fraud practiced by the plaintiff, and that the defense pleaded was valid. In order to do these things, it was necessary to inquire into the merits of the case, and this was rendered necessary by the defendant himself. It matters not that he recited in his petition that he appeared specially for the purpose of said proceeding only, and that he denied the jurisdiction of the court; he, nevertheless, invoked the jurisdiction of the court on nonjurisdictional grounds, and having done this, he must be held to have entered a general appearance in the action. Had he desired merely to challenge the jurisdiction of the court of his person, he should have done so by an appropriate special appearance for that purpose, and not by petition calling for an adjudication of his defense.

It is clear to us that a party cannot seek the vacation of a judgment for the causes enumerated in the 4th and succeeding subdivision of section 810, Comp. Stat. 1921, without subjecting himself to the jurisdiction of the court. The procedure provided negatives the idea that a judgment may be vacated for the causes there enumerated upon a special appearance, for the court must of necessity determine that a valid defense exists before a vacation of a judgment is authorized and we are unable to see how a defense can be shown without the party entering a general appearance in the action.

It follows that the order of the trial court is correct, and the same is affirmed.

JOHNSON, C. J., and HARRISON, WARREN, and GORDON, JJ., concur.