JUPE v. HOME OWNERS LOAN CORP. et al.

No. 32124. March 19, 1946.

*167 P. 2d 46.*

Ross N. Lillard and A. K. Little, both of Oklahoma City, for plaintiff in error.

Whitten & Whitten and Hal Whitten, all of Oklahoma City, for defendant in error Home Owners Loan Corporation.

Everest, McKenzie & Gibbens, of Oklahoma City, for defendant in error S. F. Klemme.

GIBSON, C.J. This appeal involves the correctness of the order of trial court in overruling in part a motion to vacate a default judgment rendered in a foreclosure action.

Defendant in error, Home Owners Loan Corporation, as plaintiff, instituted in the district court of Oklahoma county its action against Frank T. Jupe and Gladys C. Jupe to foreclose a mortgage given by them on real estate in Oklahoma City. Personal service was had upon Gladys C. Jupe, who defaulted. Efforts to make personal service upon Frank T. Jupe, her husband, who lived separate and apart from her, failed, and he was proceeded against by publication. After the first publication and before the time therein set for answer, Frank T. Jupe filed in said cause his special appearance and motion to quash upon grounds (1) that defendant was resident of Oklahoma and that plaintiff had knowledge thereof, and (2) that after publication of notice plaintiff filed alias praecipe therefor and caused alias summons to be issued. Approximately four months later said motion was by the court dismissed for want of prosecution. Some weeks later judgment was rendered against both defendants for amount owing and for foreclosure of mortgage and directing sale of premises. It is recited in the judgment that defendant Frank T. Jupe had been duly and legally notified of the pendency of the action by publication, and that the affidavit therefor and the notice and proof of publication were examined and approved. On order of sale issued after the expiration of the six months redemption period the property was sold to defendant in error S. F. Klemme. While the matter was pending on motion to confirm the sale, defendant Frank T. Jupe filed his special appearance and motion to vacate the judgment for want of jurisdiction. The sole grounds of the motion are that movant was at all times a resident of the state and residing upon the property involved; that he had not at any time concealed or secreted himself for the purpose of evading service of process; and that therefore service by publication was insufficient to confer jurisdiction upon the court to render the judgment. The motion does not allege any defense to plaintiff's action.

The motion to vacate and that to confirm the sale were heard together, and on consideration of the evidence submitted the court vacated the personal judgment against Frank T. Jupe and otherwise overruled the motion to vacate.

The findings of the court are as follows:

"The Court: After hearing extended argument, I am of the opinion that this motion should be denied, with exceptions, for the reason that:

"First. The judgment is valid on its face.

"Second. The defendant movants had notice of the pendency of the action prior to rendition of judgment, as shown by this record and by the judgment roll.

"Third. No attempt is made to plead or offer any defense to the action in chief.

"Fourth. For the further reason — which is the basis of the foregoing conclusions—that the affidavit, while it might be defective in the light of the extrinsic evidence, is fair on its face. . .

"I further wish to add to this finding, that, in my judgment, insofar as personal judgment against the moving defendant is concerned, that a personal judgment is void, there not having been any personal service or summons upon him, but the judgment is valid in rem insofar as the property involved is concerned."

The facts as found by the court are unchallenged. The sole basis for the alleged error is, that evidence aliunde the record reflects the facts that defendant was a resident of Oklahoma and with proper diligence could have been personally served, which facts plaintiff knew or should have known. It is contended, on the basis of such showing, that defendant was entitled to a vacation of the judgment without showing a meritorious defense to plaintiff's action. As authority for such contention there are cited Morrissey v. Hurst, 107 Okla. 1, 229 P. 431; Mayhue v. Clapp, 128 Okla. 1, 261 P. 144; Myers v. Chamness, 102 Okla. 131, 228 P. 988; Jones v. Norris, 176 Okla. 434, 55 P. 2d 984, and Tolbert v. State Bank of Paden, 30 Okla. 403, 121 P. 212.

In each of the cited cases other than the last, jurisdiction of the defendant was sought by personal service of summons or appearance by attorney. The substance of the holdings is that without service being had or an authorized appearance, the court is without jurisdiction and the fact either of the absence of service or want of authority on part of attorney making appearance may be shown by extrinsic evidence. The conclusion thereon is thus expressed in Myers v. Chamness, supra:

" . . . If the court acquired no jurisdiction of the person of the defendant, judgment cannot be rendered against him. His rights cannot be determined until he is brought into court. It would be absurd to say that a party who has never been subjected to the jurisdiction of the court should be compelled to show a defense before he is entitled to challenge that jurisdiction."

Jurisdiction in the instant case not being predicated on the attempted service of summons, these decisions are not directly in point and the doctrine would be applicable in principle only to the extent that the judgment rendered against defendant was on personal service or an equivalent.

With the elimination by the trial court of the personal judgment, which could not be properly rendered on the publication notice herein had, the question involved is the jurisdiction of the court on such notice to determine rights pertaining to land within its territorial jurisdiction. As to such situation, which is here involved, it is provided in 12 O. S. 1941 § 170 that service may be had by publication upon grounds designated therein. That the affidavit and notice, unchallenged by matters de hors the record, are sufficient to satisfy the requirements of the cited section is not questioned, and hence we have, as found by the court, a judgment which to the extent it was in rem is valid according to the judgment roll.

In Edwards v. Smith, 42 Okla. 544, 142 P. 302, we said:

"A judgment is not void in the legal sense for want of jurisdiction, unless its invalidity and want of jurisdiction appears on the record; it is voidable merely."

The basis of such holding which is applicable here is expressed in Lausten v. Union National Bank of Bartlesville, 70 Okla. 173, 173 P. 823, as follows:

"The jurisdiction of the court does not depend upon non-residence, but upon the evidence thereof furnished by the affidavit. The questions of whether the facts stated in the affidavit are true or not is immaterial until challenged in some recognized legal proceeding for the vacation of valid judgments."

The legal proceedings contemplated are those provided by 12 O. S. 1941 § 1031 et seq., and which are exclusive unless by reason of special circumstances the statutory remedy is inadequate (Baker v. Home Building & Loan Ass'n et al·, 179 Okla. 218, 65 P. 2d 169, and cases therein cited).

By section 1035 of Title 12, which is a companion statute to section 1031, it is provided:

"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered; . . . "

In construing these statutes this court has consistently held that where the judgment is not void on its face vacation after term is not authorized except upon showing a valid defense. The doctrine adhered to and applied is stated in Carlin et ux. v. Prudential Insurance Co. of America, 175 Okla. 398, 52 P. 2d 721, as follows:

"Where petition to vacate judgment is filed after the expiration of the term at which such judgment was rendered, a valid defense or cause of action is a condition precedent to the vacation thereof upon any grounds, except lack of jurisdiction, and the court must adjudge that such defense or cause of action is prima facie valid."

The other case relied on, Tolbert v. State Bank of Paden, supra, involved an action on note and foreclosure of mortgage wherein the complaining defendant, a resident, was proceeded against by publication. The affidavit of nonresidence was filed by plaintiff's attorney. The proof disclosed that defendant was a resident and that that fact and where she was was well known to the cashier and managing officer of the plaintiff. The court held that the judgment was not void but was voidable, and that the motion to quash the service should have been sustained. The question whether there was or was not pleaded a defense to plaintiff's action is not discussed in the opinion or mentioned therein as being in issue. The only statement therein concerning the nature of the pleading filed is to be found in the following language of the opinion:

"After execution had been issued on the judgment and the sale had been had, the defendant learned of the proceedings and appeared in court specially, and filed various pleadings, among them being one to quash and set aside the service by publication for various grounds therein stated."

In the light of this situation, if presumption is to be indulged, it must be that in the "various pleadings" there was tendered an issue on the merits thus justifying the holding. There is nothing in the holding which we deem inconsistent with the views hereinbefore expressed.

There are other questions presented and discussed in the briefs involving whether defendant appeared generally by an alleged obtaining of an extension of time in which to plead and whether the motion to quash by reason of its character was in effect a general appearance. In view of the controlling effect of the statute herein recognized and applied, there is no need to consider these questions in support thereof. And inasmuch as their further import would only bear upon the right to personal judgment which is not involved on this appeal, they will not be further considered.

Finding no error in the judgment of trial court, same is affirmed.

HURST, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.