## BOLLENBACH *et al.* v. HUBER.

No. 4368.   Opinion Filed April 27, 1915.

(148 Pac. 716.)

**PROCESS—Service of Summons—Return—Sufficiency.** A return, reciting that summons was served on one defendant by delivering to him a true copy thereof, and on another by leaving such a copy at his usual place of residence with a member of his family over 16 years of age, and which is signed, "Barney Davis, Sheriff, by Ben Monroe, Deputy," meets the requirements of the statute, and is sufficient.

(Syllabus by Bleakmore, C.)

*Error from Superior Court, Custer County;*

*J. W. Lawter, Judge.*

Action by Anton Huber against Adolph Bollenbach and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Geo. T. Webster,* for plaintiffs in error.

*Wylie M. Snow,* for defendant in error.

BLEAKMORE, C.   This action was begun in the superior court of Custer county on the 19th day of October, 1911, by the defendant in error as the plaintiff against the plaintiffs in error as the defendants, on a promissory note and to foreclose a mortgage on certain property in College addition to the city of Weatherford, Okla.   The parties will be referred to hereinafter as they appeared in the trial court.   Summons in proper form was duly issued, directed to the sheriff of Custer county.   Return thereof was made as follows:

"Received this writ this 19 day of October, 1911, October 28, 1911, served the same by delivering a copy thereof, with the

indorsement thereon, duly certified to the within named defendant, Adolph Bollenbach, personally,

"Barney Davis, Sheriff,
"By Ben Monroe, Deputy.

"Served the same by leaving a copy thereof with the indorsements thereon, duly certified, at the usual place of residence of the within named defendant, Ena Bollenbach, delivered copy to member of family over the age of sixteen years.

"Barney Davis, Sheriff,
"By Ben Monroe, Deputy."

Defendants appeared specially, and moved to quash the return for the reason that the same failed to show that they, or either of them, had been served with such summons. The motion was overruled, and exceptions were saved. Whereupon defendants answered:

"Defendants, further answering, allege that they admit the execution and delivery of the notes and mortgages described in plaintiff's petition, but allege the fact to be that said notes and mortgage were given by them as evidence and security for the purchase money of the land and lots therein described, and that said plaintiff was the owner of said lots and lands represented to these defendants, that said lots and lands were a part of what is commonly known as College addition to the city of Weatherford, and that said addition, including said lots and land, had been duly surveyed and platted according to law, and that a plat thereof had been duly certified and signed by O. B. Kee and Flora Kee, his wife, as dedicators, and that the surveyor who surveyed the same and made the map and plat thereof had duly signed and certified thereto, and that each had duly acknowledged his certificate before a notary public, as by law required, and that the plat of said College addition was legal in all respects, and these defendants believed said representations to be true, and relied thereon, and accepted a deed of conveyance from said Anton Huber, wherein he described said property as in and as a part of College addition to the city of Weatherford, when in truth and in fact the so-called College addition to the city of Weatherford had never been platted and surveyed, and a plat thereof filed as by law required, and that no plat thereof has ever been filed, and that by reason of said fact defendants' title has been clouded and the record title thereto is defective so that these defendants

cannot sell or mortgage said property in its present condition, and for this reason said note and mortgage were obtained without consideration, and these defendants further contend and answer that plaintiff is not entitled in equity to maintain this action until he has caused a proper plat to be filed and recorded as by law required, of said College addition to the city of Weatherford."

Upon trial to the court, defendants introduced in evidence a warranty deed, conveying to the plaintiff the property in the mortgage sought to be foreclosed, executed by one O. B. Kee, and certain instruments appearing of record in the office of the register of deeds of Custer county, purporting to be a certificate to the plate of College addition to the city of Weatherford, signed by O. B. Kee and Flora Kee, and a certificate of the surveyor, and also a deed from the plaintiff and wife, conveying the lots in suit to defendant Adolph Bollenbach. Said certificates were sworn to before a notary public, but not acknowledged in the form required by statute in the chapter on conveyances. Judgment was rendered for the amount due on the note and for foreclosure of the mortgage.

Defendants urge that the return of the summons is deficient, in that it does not show where the summons was served, nor that it was served by the sheriff of Custer county, and further as to defendant Ena Bollenbach, the recital therein that a certified copy was left with a member of her family over the age of 16 years is a mere conclusion. To this we cannot agree. There is no contention that the officer making the return was not in fact the sheriff of Custer county, acting through his deputy, or that the summons was served without the county, or that a certified copy thereof was not left with a person over the age of 15 years at the usual place of residence of said defendant. The statute requires the sheriff to execute and return all summons; and nothing appearing in the record to the contrary, it is presumed that the person who performed such duty was the sheriff of the county to which it was directed. The primary object and purpose of the law in requiring service of summons is to notify the person served of the pendency of the action against him and to give

Form No. 5

jurisdiction to the court. This object is attained by the actual service of the writ in the mode required by the statute; and the return is merely evidence of the fact that such service has been made. Here, however, the return itself is in all respects sufficient to show that due service of summons was had.

Again, defendant contends that the decree of foreclosure should not, in good conscience, have been rendered until the plaintiff had been compelled by the court to cure the alleged defect in the defendant's title to the mortgaged property, by correcting the certificates of the former owner of the property and of the surveyor made to the plat of the addition in which property is situate. This contention is without merit.

Finding no error in the act of the trial court, the judgment is affirmed.

By the Court: It is so ordered.