## JACKSON et al. v. SMITH.

No. 10099—Opinion Filed May 10, 1921.

Rehearing Denied Sept. 13, 1921.

(Syllabus.)

1. **Process — Service of Summons — Sufficiency.**

Under section 4711, Rev. Laws of Oklahoma, 1910, service made upon the defendant by leaving a copy of the summons at the usual place of residence of said defendant with his daughter-in-law, she being over the age of 15 years, and permanently residing in the home of said defendant, is sufficient to confer jurisdiction upon the court.

2. **Appeal and Error—Findings—Conclusiveness—Process — Action to Set Aside Sheriff's Deed.**

In an action seeking to set aside a sheriff's deed based upon a judgment regular on its face, where the sheriff's return shows personal service of summons, the general finding of the trial court in favor of the defendant carries with it the finding that service was made in the former action as shown by the return, and such finding will not be disturbed on appeal, unless the same is clearly against the weight of the evidence.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Minerva Jackson and others against C. R. Smith. Judgment for defendant, and plaintiffs bring error. Affirmed.

Sigler & Jackson, for plaintiffs in error.

H. C. Potterf and Earl Q. Gray, for defendant in error.

NICHOLSON, J. This action was instituted in the district court of Carter county, by Minerva Jackson and Edward Jackson, sometimes called Minerva Davies and Edward Davies, plaintiffs in error, against C. R. Smith, defendant in error, seeking to set aside a sheriff's deed executed by the sheriff of Carter county to the defendant in error, and seeking to redeem certain lands described in said deed from mortgages executed by the plaintiffs to the Farmers Loan & Security Company.

In the petition of the plaintiffs in error it is alleged, in substance, that the plaintiffs are Chickasaw freedmen, and, as such, there

was allotted to each of them 40 acres of land in Carter county, Oklahoma; that on the 2nd day of February 1909, they jointly mortgaged to the Farmers' Loan & Security Company that portion of said land allotted to Edward Jackson, and on the 26th day of April, 1909, they jointly mortgaged to said company the land allotted to Minerva Jackson; that thereafter, and on the 2nd day of March, 1911, the Farmers' Loan & Security Company filed suit in the district court of Carter county against said plaintiffs to foreclose said mortgages; that judgment was rendered against said plaintiffs foreclosing said mortgages on the 7th day of November, 1911, and that said property was sold under said decree of foreclosure to the defendant, C. R. Smith, and that said defendant went into possession of said land under and by virtue of said order. It is further alleged that said judgment was void for the reason that said plaintiffs, who were the defendants in said former action, were never served with summons, and said lands were sold without being properly advertised as required by law. It is further alleged that the defendant went into possession of said land under and by virtue of said mortgages, and that there was due on said mortgages at said time approximately $500; that since the defendant went into possession of said land he has been collecting the rents and profits therefrom, and that said land is reasonably worth the sum of $160 per year, or the sum of $960 for the six years which said defendant has held possession of said land; and the petition prayed for judgment decreeing the former judgment and sheriff's deed void, and that plaintiffs be permitted to redeem said land from said mortgages; that the court determine the amount due under said mortgages, and the amount due from the rents arising from said land, and that said plaintiffs be permitted to pay any sum still due on said mortgages and redeem said land from said mortgages, and for such other and further relief as they might in the judgment of the court be entitled to.

To the petition the defendant filed answer, denying each and every allegation of said petition except such as were specifically admitted, and pleaded the judgment of foreclosure in the former action; that the defendant was the purchaser of the land described at the sheriff's sale under said judgment: that the sheriff's deed was filed for record on the 27th day of January, 1912; that said deed was recorded more than five years prior to the filing of the plaintiffs' petition; that said plaintiffs were dispossessed of said land under order of the court and by writ in the hands of the sheriff, and that said defendant has been in open, notorious,

exclusive, and undisputed possession of said land as owner, and not as mortgagee, for a period of more than five years prior to the filing of plaintiffs' petition; that said plaintiffs have been guilty of laches, and having allowed the defendant to remain in possession, improve the land, pay taxes thereon, and having waited for the land to increase in value, and were estopped from setting up said purported claims, and that their cause of action was barred by the statute of limitations as provided and disclosed by section 4655 of the Revised Laws of Oklahoma, 1910, and other sections of said statute.

To this answer the plaintiffs filed a reply consisting of a general denial. On January 30, 1918, judgment was rendered in favor of the defendant, from which this proceeding in error is prosecuted.

The plaintiffs in error urge that the judgment in the foreclosure suit was void for two reasons: First, because there was absolutely no service of summons; and, second, because the return of the sheriff was not sufficient to give the court jurisdiction. We will consider the second objection first.

The return of the summons reads as follows:

"I received this summons on March 3rd, 1911, and served same on March 4th, 1911, at the home of the defendant Edward Jackson or Edward Davies and Minerva Jackson or Minerva Davies, near Tatum, Oklahoma, by delivering a true copy of this summons for each of the defendants to a young woman over 15 years of age, who was the daughter-in-law of said defendants and a member of their family.

"Buck Garrett, Sheriff,
"By J. H. Dillard, Deputy."

Section 4711, Rev. Laws of Oklahoma, 1910, provides:

"The service shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of his family over fifteen years of age, at any time before the return day."

In Bollenback v. Huber, 46 Okla. 127, 148 Pac. 716, the court held sufficient a return reading as follows:

"Served the same by leaving a copy thereof with the indorsement thereon, duly certified at the usual place of residence of the within named defendant, Ena Bollenbach, delivered copy to member of family over the age of sixteen years."

"Barney Davis, Sheriff."
"By Ben Monroe, Deputy."

It is the contention of the plaintiffs in error that the service in this case, being upon

the daughter-in-law of the plaintiffs, is insufficient because she was not a member of their family. In Webster's New International Dictionary a family is defined as: "The body of persons who live in one house, and under one head or management; a household, including parents, children and servants and, as the case may be, lodgers or boarders." In 12 A. & E. Enc. of Law, 866, it is said:

"A family is defined as a collective body of persons who form one household, under one head and domestic government, including parents, children, and servants, and, as sometimes used, even lodgers or boarders."

And the term "family" may include sons-in-law, and daughters-in-law. 19 Cyc. 452.

We conclude that under section 4711, Rev. Laws of Oklahoma, 1910, service may be made by leaving a copy of the summons at the usual place of residence of the defendant with his daughter-in-law, provided she be over the age of 15 years and is permanently residing in the home of the defendant, and that the return shown was sufficient to confer jurisdiction upon the court.

The question of whether or not service was actually made as shown by the sheriff's return was an issue of fact, which was submitted to the trial court, and while the evidence was conflicting, the court found generally for the defendant, and this general finding carried the finding that service was made as shown by the return, and this finding, not being clearly against the weight of the evidence, will not be disturbed on appeal. Jones v. Jones, 57 Okla. 442, 154 Pac. 1136.

The plaintiffs in error, on page 20 of their brief, make the following statement:

"We want to direct the court's attention to the fact that the mortgages waived appraisement. The judgment was entered the 31st day of October, 1911. The property was sold on the 26th day of January, 1912, therefore the sale was absolutely void. The sheriff's deed gives no title. (See Hancock v. Youree, 25 Okla. 460, 106 Pac. 841.) As this sale was void the defendant simply held this land, the assignee of the mortgages in his possession."

An examination of the record discloses that the mortgages involved in the foreclosure suit did not contain a waiver of appraisement and the property was duly appraised before the sale; therefore, there is no foundation upon which to base this contention.

Having determined that the service of summons was sufficient and that neither the judgment nor the sheriff's deed was void, it is unnecessary to consider the other questions argued in the briefs.

Perceiving no reversible error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.