### MAYHUE v. CLAPP.

No. 16760.   Opinion Filed June 28, 1927.

Rehearing Denied Nov. 15, 1927.

(Syllabus.)

1. **Judgment—Motion to Vacate Judgment for Lack of Process—Showing of Meritorious Defense Unnecessary.**

Where a party against whom a judgment has been rendered files a motion to vacate the same based on extrinsic evidence of no service of process, it is unnecessary for the motion to show a meritorious defense to plaintiff's action.

2. **Process—Return of Service of Summons —Conclusiveness.**

Although the return of service of summons is not conclusive, yet it is prima facie evidence of its truthfulness, and it requires strong and convincing proof to overcome it.

3. **Same—Evidence Showing Lack of Service.**

Record examined; held, the evidence is clear and convincing that no service of summons, as required by section 239, C. O. S. 1921, was had on the plaintiff in error.

Error from District Court, Seminole County; George C. Crump, Judge.

Proceeding by W. E. Mayhue to vacate judgment rendered against him in favor of L. W. Clapp. From a judgment denying said motion, Mayhue appeals. Reversed.

A. M. Fowler, W. A. Bishop, and H. H. Bishop, for plaintiff in error.

E. C. Stanard, M. L. Hankins, John W. Willmott, and Richard J. Roberts, for defendant in error.

MASON, V. C. J.   This is an appeal to review an order of the court below overruling a motion to vacate a default judgment against the plaintiff in error upon a promissory note and for the foreclosure of a mortgage.

It appears that on February 8, 1923, L. W. Clapp commenced his action in the district court of Seminole county against A. G. Mayhue and Ida M. Mayhue, his wife, upon a certain promissory note and to foreclose a real estate mortgage given to secure the same. In said petition, W. E. Mayhue and ——————, his wife, the Shawnee National Bank, and others were joined as defendants upon the allegations that these defendants claimed some right, title, or interest in the lands described in the mortgage, the exact nature of which was unknown, but that said claims were junior and inferior to the plaintiff's rights under his mortgage. The joinder of —————— Mayhue, as the wife of W. E. Mayhue, was an error, for the reason that W. E. Mayhue was a single man.

The summons, which was duly issued and returned, showed personal service on A. G. Mayhue and Ida M. Mayhue, his wife, and showed that W. E. Mayhue was served by leaving a true and correct copy of the summons at his usual place of residence with Bess Mayhue, a member of his family over 15 years of age.

Thereafter, and on July 11, 1923, judgment was entered by default against A. G. Mayhue and Ida Mayhue, his wife, for the amount of the note, interest, attorney's fee and costs, and a decree of foreclosure was entered against all defendants and all persons claiming by, through, or under them since the commencement of said action. Due notice was thereafter given of the sheriff's sale of the premises and the sale was had and an order confirming said sale was made and entered and the sheriff was directed to execute his deed to L. W. Clapp as the purchaser at said sale.

On October 14, 1924, a motion was filed by W. E. Mayhue to vacate said judgment in so far as it affected him and the interest which he claimed in said land, which was based on the following grounds:

(1) Because he was not summoned either in person or by a copy of said summons being left with a member of his family over 15 years of age, as required by law, and

that he had no actual notice of the pendency of said cause until after the execution of the sheriff's deed.

(2)    That he had resided in Seminole county for 15 years; that Bess Mayhue was not a member of his family and that his failure to appear and defend in said action was without fault or laches on his part.

(3)    That said movant is and has at all times been ready and willing to pay the debt sued on, together with all costs, attorney's fee, and other expenses, and that he has offered to pay the same, but that said offer has been refused.

Thereafter, on January 10, 1925, the defendant W. E. Mayhue filed in said cause what was styled an "additional motion to become a part of original motion herein," but on motion of the plaintiff, the same was, by the court, stricken on the same day it was filed. The plaintiff then filed reply to the defendant's original motion to vacate, and upon the issues thus joined a hearing was had, at which evidence was taken, after which the court entered this judgment denying and overruling said motion to vacate, from which W. E. Mayhue has duly perfected this appeal.

For reversal, the plaintiff in error contends that the judgment of the trial court is not sustained by, and is contrary to, the evidence and is contrary to law.

This assignment necessitates weighing the evidence, but we deem it advisable to first refer to certain contentions made by the defendant in error.

Some contention is made that this proceeding cannot be had by motion for the reason that it was not filed until after the term of court at which the judgment was rendered. There is no merit in this contention, as section 810, C. O. S. 1921, and the third paragraph thereof, provides that the district court shall have power to vacate or modify its own judgments or orders at or after the term at which the judgment or order was made for irregularity in obtaining the judgment or order. Section 817, C. O. S. 1921, provides that a void judgment may be vacated at any time on motion of a party, or person affected thereby.

Defendant in error also insists that the supplemental motion to vacate, filed on the 10th day of January, 1925, was based on nonjurisdictional as well as jurisdictional grounds, and that he, the plaintiff in error, thereby entered his general appearance in the case, and for that reason the trial court

properly refused to vacate said judgment. The rule is well settled by the decisions of this court that when a party, against whom a judgment is rendered, files a motion to vacate the same upon the ground that the court has no jurisdiction of the defendant and said motion is based upon nonjurisdictional as well as jurisdictional grounds, said party enters a general appearance as though said appearance had been made at the trial. Morgan v. Karcher et al., 81 Okla. 210. 197 Pac. 433; Lookabaugh v. Epperson, 28 Okla. 472, 114 Pac. 738. This supplemental motion, however, was filed on the day of the hearing, and, on motion of the plaintiff, was stricken by the trial court. We, therefore, deem it unnecessary to decide whether or not it contained nonjurisdictional grounds. It having been stricken on plaintiff's motion, he will not be permitted to rely upon its contents.

It is next urged by the defendant in error that said motion to vacate was insufficient for the reason that no valid defense to the action is shown as provided for in section 814, C. O. S. 1921. It may be that no defense is stated against the action on the note, but he alleges willingness and ability to pay said indebtedness, and certainly this would constitute a defense against the foreclosure of the mortgage. However, be that as it may, section 814, supra, has no application to a judgment rendered by a court having no jurisdiction of the person of the defendant. If the court acquired no jurisdiction of the person of the defendant, judgment cannot be rendered against him. His rights cannot be determined until he is brought into court. It would be absurd to say that a party who has never been subjected to the jurisdiction of the court should be compelled to show a defense before he is entitled to challenge that jurisdiction. Pettis v. Johnston (9th syllabus) 78 Okla. 277, 190 Pac. 681; Myers v. Chamness, 102 Okla. 131, 228 Pac. 988; Burnett et al. v. Clayton, 123 Okla. 156, 252 Pac. 397.

Section 239, C. O. S. 1921, provides that summons shall be served by delivering a copy thereof to the defendant personally or by leaving one at his usual place of residence with some member of his family over 15 years of age. In the case at bar there is no contention that the service was had on the plaintiff in error personally, but, as the return states, it was had by "delivering a copy to Bess Mayhue, a member of the family of W. E. Mayhue, at his usual place of residence."

At common law such a return by an officer was conclusive. Such rule, however, is not

in force in this state, but a more liberal rule to the effect that, while not conclusive, yet it is prima facie evidence of its truthfulness and it requires strong and convincing proof to overcome it. Ray v. Harrison, 32 Okla. 17, 121 Pac. 633. In Jones v. Jones, 57 Okla. 442, 154 Pac. 1136, this court, in discussing this question, said:

"This is a just and a wholesome rule, for under it, an officer, by his return, cannot make that which is false true. Where a judgment, regular upon its face, based upon an officer's return showing personal service, is sought to be vacated and set aside, public policy demands that it should not be overcome, except upon clear and convincing proof that the return is false."

Did the extrinsic evidence, offered by the movant to contradict the officer's return, meet this test, and was the judgment of the district court against the weight of evidence? The evidence offered, in support of the motion to vacate, is in substance as follows:

G. C. Mayhue and his wife, Bess Mayhue, lived on a farm about three miles from a farm owned by George Mayhue and Rachael Mayhue, his wife, upon which they resided. All of these parties and the movant, W. E. Mayhue testified that he (the movant) lived and resided on the farm which George and Rachael Mayhue at the time the service, as shown by the return, was had by leaving a copy with Bess Mayhue. It is true the evidence of Bess Mayhue was weakened considerably by an affidavit which she had made some time prior to the hearing to the effect that W. E. Mayhue did reside with her and her husband at the time of said purported service. She testified, however, at the hearing, that this affidavit had been made while she and her husband were separated and while she was in the office of one of the attorneys for the defendant in error herein and that she did not understand the contents of the affidavit at the time it was executed.

None of the witnesses for the defendant in error testified as to positive facts, but their testimony was based upon what they "understood" or what "impression" they had from circumstances about which they testified, the strongest of which was that the plaintiff in error, W. E. Mayhue, worked about the premises of G. C. and Bess Mayhue at the time in question. There was no positive testimony that he lived or resided at their home.

In Webster's New International Dictionary, a "family" is defined as:

"The body of persons who live in one house and under one head or management; a household including parents, children and servants and, as the case may be, lodgers or boarders."

In 12 A. & E. Enc. Law, 866, it is said:

"A family is defined as a collective body of persons who form one household under one head and domestic government, including parents, children and servants, and, as sometimes used, even lodgers or boarders."

It, therefore, seems that the group of persons constituting a family must reside in the same household, over which there is one head, but that outsiders or persons who are there to visit, or on business, are not members of the family. The fact that W. E. Mayhue may have been around the house of G. C. and Bess Mayhue, either visiting or on business, would not constitute him a member of their family, nor would it constitute them members of his family.

From an examination of all the evidence in the case, we are forced to the conclusion that the evidence of the plaintiff in error was clear and convincing that the summons herein was not left at his usual place of residence, nor was it left with a member of his family.

The judgment of the district court must, therefore, be reversed, and the cause remanded, with directions to sustain the motion of the plaintiff in error and vacate and set aside said judgment and all subsequent proceedings had thereunder.

BRANSON, C. J., and HARRISON, PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 34 C. J. p. 333, §550; 15 R. C. L. p. 719; 4 R. C. L. Supp. p. 1017; 5 R. C. Supp. p. 848; (2) 32 Cyc. pp. 516, 517; 21 R. C. L. p. 1322; 5 R. C. L. Supp. p. 1448. (3) 34 C. J. p. 358, §573.