### ROTH et al. v. FERN OIL & GAS CO.

No. 20775. Opinion Filed Feb. 16, 1932.

A. K. Swann, for plaintiffs in error.

L. G. Lewis, for defendant in error.

KORNEGAY, J. This is a proceeding in error from the district court of Payne county. The complaint is that the judge of that court committed reversible error in setting aside a default judgment that had been rendered by him sometime before in that court. It appears that no pleadings were filed in the case, on behalf of the defendant, in which the default judgment was had. The service had in the case was on the vice president, as the sheriff had received information that the president was not in the county.

It was alleged that the Fern Oil & Gas Company was a domestic corporation. It was a suit on an account for 3,890 feet and 10 inches of second-hand casing at 85c a foot, and it was alleged in the petition that the 190 joints of casing delivered were 6¼ inches, and that the term "6-inch casing," as used in the oil fields, refers either to 6¼ inch casing or 6 5/9 inch casing. Repeated demands for payment were alleged in the petition. Interest was demanded from the 21st of December, 1926, at 6 per cent.

Petition was filed on the 25th of May, 1928. Case-made states that the summons was issued on the 24th of May, 1929, though evidently that is a mistake, as the summons

is set out and appears to be dated the 25th of May, 1928. The indorsements of amount demanded and the time of collection of interest on the summons was 6 per cent. per annum from the 21st of December, 1928. The sheriff's return shows that he received the summons on the 25th of May, 1928, and served it on the 26th of May, 1928, the president not being found in the county, by delivering copy to H. A. Dempsey, vice president of defendant. The indorsement on the back of the summons shows that it was issued on the 24th of May, 1928, returnable the 3rd of June, 1928, and the answer date was the 23rd of June, 1928, and it was filed on the 28th of May, 1928.

The journal entry recites a failure to appear on the 10th of October, 1928, and a calling three times, and that all the material allegations of the plaintiff's petition were found to be true, and judgment was rendered for 6 per cent. interest from December 21, 1926, on the amount sued for, and interest was calculated to October 10, 1928, and was found to be $3,659.92, and judgment was given for this amount bearing 6 per cent. interest from date of judgment. The journal entry was signed by Charles C. Smith, Judge, and appears to have been filed on the 20th of October, 1928. An execution was sued out on the 6th of December, 1928, and was returned on the 3rd of January, 1929, on account of a restraining order, signed by the judge who rendered the judgment.

The petition to set aside the default judgment alleged that the president was in the county at the time of the service on the vice president. and that the president learned on the 3rd of December, 1928, of the existence of the judgment and the suit. It further alleged that suit had been instituted in May or April, 1928, in Pawnee county, and summons was served on H. A. Dempsey, and suit was shortly afterwards dismissed. It further alleged that the pipe that the defendant had contracted for was 6 5/8 inch, and that the pipe delivered was 6 inch and could not be used by the defendant, and that the plaintiff was fully advised to that effect, and the understanding with the defendant was that the pipe was to be removed by the plaintiff. Some defects were set up in the petition, and it is stated that no service had been had in Payne county, and that the defendant did not know of the suit, and some other technical defenses were set up, and it was asked that justice might be done, and the default judgment set aside and defense be had.

Summons was issued, and a trial was had on the application to set aside the judg-

ment, resulting in the lower court's setting aside the judgment and allowing defense. Ordinarily when a judge, presiding over his court, who pronounces a default judgment, is asked to set it aside and defense is offered, as in this case, the courts hold that, if he allows the parties to defend, it is within his discretion. Sometimes technical defects seem to have been found. Sometimes liberal rules are applied. A great many cases have been cited here on both sides.

Ordinarily it is this court's policy, and should be of all courts, to allow every man his day in court. The issuance and service of summons calling on him to answer, technically, might be said to give him an opportunity to have his day in court, but if by reason of casualty he does not get in, then he is not in. It appears to us in this case that, assuming the defense set up exists, the plaintiff was thoroughly advised that this case would be contested. We do not think that the service in the case on the vice president is within the provisions of our statute. Section 243, C. O. S. 1921, provides for the method of serving a summons on a domestic corporation, and it is as follows:

"243. Service of Summons on Corporation. A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer, or upon an agent duly appointed to receive the service of process; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

The attempted service here was upon a vice president and away from the place of business of the corporation. In fact it appears to have been somewhere about a barber shop, and the sheriff made his return as to the absence of the president upon hearsay. Evidently, if this corporation was subject to suit in Payne county, under section 202, C. O. S. 1921, it had an office or a place of business, or its principal officer must have resided there or been found there. The president, of course, was its chief officer. The statute in section 243 prescribed, if he was not found, that the service should be upon a cashier, treasurer, secretary, clerk, or managing agent, and if none of those could be found, should be served by leaving at the office or usual place of business of the corporation a copy with the person having charge thereof.

While the lower court did not put it upon

the ground of defective service, and based its decision on the general idea of justice between man and man, and that one should not take from the other, under the guise of legal technicality, that which he is not entitled to, and defendant was entitled to defend, we are not prepared to say that he could not have legally set this judgment aside on grounds other than such as he assigned. We should not reverse except in the interest of justice, and surely should not reverse in the interest of injustice. It is just in this case to allow this defense to be affirmed.

Finding no reversible error, the case is affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur. McNEILL, J., not participating. CLARK, V. C. J., and CULLISON, J., absent.