## CLEAVES et al. v. FUNK.
### No. 1745.

District Court, N. D. Oklahoma.
June 19, 1933.

Yancey, Spillers & Fist, of Tulsa, Okl., for plaintiff S. E. Cleaves.

A. F. Moss and H. R. Young, both of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

The plaintiff filed his petition seeking to recover a money judgment against the defendant and caused a summons to be issued and placed in the hands of a deputy United States marshal for service. The return of the officer shows the summons was delivered to Henrietta Funk, a member of the defendant's family, over 15 years of age, at the defendant's usual place of residence in the city of Tulsa. The defendant within the time to plead appeared specially and filed a motion to quash the service of the summons upon the ground it was not issued, served, and returned according to law. The evidence introduced in support of the motion to quash shows that Henrietta Funk is the mother of the defendant and has resided in the state of Pennsylvania for several years, and has maintained her permanent home in said state for many years prior to the service of the summons as herein stated. It had been a custom of Mrs. Funk for a number of years to visit in the defendant's home during the winter months.

Section 172, O. S. (Okla. Stats. 1931), provides: "The service shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of his family over fifteen years of age, at any time before the return day."

The contention of the plaintiff is that the service of the summons meets the necessary requirements of the statute, in that the summons was left at the defendant's usual place of residence, and that Henrietta Funk, the mother of the defendant, was a member of the defendant's family. If the contention be sound that the mother of the defendant, Henrietta Funk, is a member of the defendant's family within the meaning and intent of the section of the statute, supra, the motion should be overruled. With the contention I am unable to agree. The Congress not having provided any rule with regard to the mode of serving mesne process in law actions in federal courts, the state law and practice will be followed. Lemon et al. v. Imperial Window Glass Factory (D. C.) 199 F. 927; Petty & Co. v. Dock Contractor Company (C. C. A.) 283 F. 341; 28 USCA § 724.

"Where a particular method of serving process is pointed out by statute, that method must be followed." Henry Amy et al. v. City of Watertown, 130 U. S. 301, 9 S. Ct. 530, 536, 32 L. Ed. 946.

It is not contended that the defendant may not by parol evidence show that the officer's return as to the manner of service is incorrect. It is true such evidence must be clear and convincing to overcome the presumption of the truthfulness of the return. Mayhue v. Clapp, 128 Okl. 1, 261 P. 144, 146; Jones v. Jones, 57 Okl. 442, 154 P. 1136.

The evidence, in support of the motion to quash plainly shows that Henrietta Funk was not a member of the defendant's family; the defendant was a widower, residing at the place where the summons was delivered, and that his mother who maintained her perma-

nent home in the state of Pennsylvania usually visited in his home during the winter months, and then would return to her home in Pennsylvania, and that she had never had any intention of establishing a home in the same household with her son. In Mayhue v. Clapp, supra, the court said:

"In Webster's New International Dictionary a 'family' is defined as:

" 'The body of persons who live in one house and under one head or management; a household including parents, children and servants, and, as the case may be, lodgers or boarders.'

"In 12 A. & E. Enc. Law, 866, it is said:

" 'A family is defined as a collective body of persons, who form one household under one head and domestic government, including parents, children, and servants, and, as sometimes used, even lodgers or boarders.'

"It therefore seems that the group of persons constituting a family must reside in the same household, over which there is one head, but that outsiders, or persons who are there to visit, or on business, are not members of the family. The fact that W. E. Mayhue may have been around the home of G. C. and Bess Mayhue, either visiting or on business, would not constitute him a member of their family, nor would it constitute them members of his family."

See Moyer v. Drummond, 32 S. C. 165, 10 S. E. 952, 7 L. R. A. 747, 17 Am. St. Rep. 850; Oystead v. Shed, 13 Mass. 520, 7 Am. Dec. 172.

In the case of Jackson v. Smith, 83 Okl. 64, 200 P. 542, it was held that leaving a copy of the summons at the usual place of residence of the defendant with his daughter-in-law, over 15 years of age, permanently residing in the home of the defendant, was valid service. It must be concluded from a consideration of the evidence herein presented that Mrs. Funk was not a member of the defendant's family within the meaning of the statute. On the contrary, she must be regarded as only a guest of the defendant. Funk & Wagnalls New Standard Dictionary of the English language, defines guest to be "a person received and entertained at the house of another; a visitor; as, a welcome guest. The term is applied with little respect to the duration of the call or visit and whether the person be present by invitation or not. The members of an evening party, persons invited to dinner, or relatives or friends making a long sojourn are alike guests."

The statute, supra, does not authorize the service of summons upon the defendant by leaving a copy with a guest of the defendant at his usual place of residence, and such service is unauthorized.

The motion to quash is sustained.