**MEDARIS et al. v. TRACEY et al.**

No. 22972.   Dec. 18, 1934.

Leo G. Mann and C. J. Brown, for plaintiffs in error.

Suits & Disney, for defendants in error.

PER CURIAM. Ollie Tracey filed suit to quiet title against Medaris heirs et al., January 3, 1930, alleging ownership and possession. Judgment was taken February 27, 1930, based on service by publication. On March 17, 1931, the plaintiffs in error entered their appearance and filed a motion to set aside said judgment. This motion was sustained, and J. S. Young and Eva Stutsman were made additional parties defendant. The plaintiffs in error filed an answer and cross-petition, claiming that they were the sole and only heirs at law of the last record owner of the lots, who died in the year 1911, in Taylor county, Tex. The cross-petition refers to two tax deeds held by J. S. Young and Eva Stutsman, respectively, and alleged defects of procedure which were claimed as being fatal to said deeds.

Demurrer to the answer and cross-petition was subsequently overruled, and on May 5, 1931, Ollie Tracey filed reply, which claimed validity for said tax deeds and alleged that the defendants were barred by the statute of limitations against claiming any right, title, or interest in the property. There were other allegations not necessary here to mention in detail. On May 21, 1931, Ollie Tracey filed or attempted to file a dismissal of her action without prejudice. On May 25, 1931, Eva Stutsman filed a reply and answer to the cross-petition of the plaintiffs in error. This reply consisted of a general denial and a plea of the statute of limitations. On the same day Ollie Tracey filed what is designated "Partial Dismissal of Reply to Cross-Petition." In this instrument she withdraws her reply save and except "the paragraph of her said answer to said cross-petition appearing at the bottom of page 2 thereof."

The pleadings being in the condition above outlined, trial was had June 10, 1931, and judgment rendered for the defendants in error, Ollie Tracey and Eva Stutsman, not upon the original petition of Tracey, but upon the answer to the cross-petition of plaintiffs in error.

Before the judgment was rendered, and on application of Ollie Tracey's attorney, the court permitted her answer to the cross-petition to be amended by alleging that the Eva Stutsman tax deed was based upon actual notice given to the last record owner, and that the plaintiff, Ollie Tracey, was claiming ownership under and by virtue of the tax deed.

There is no substantial conflict in the testimony. The plaintiffs in error are the sole heirs of Mrs. J. J. Medaris, who formerly was the owner of the property in controversy. This property was sold under tax deed January 18, 1922, to J. S. Young, and it was again sold under tax deed to Eva Stutsman on June 21, 1929. Less than one year had elapsed before Ollie Tracey filed her suit to quiet title. Answer and cross-petition of the plaintiffs in error was filed before Tracey attempted to dismiss her action. J. S. Young, as a defendant, was served with summons, but did not answer or make other plea. The validity of the Eva Stutsman deed was directly brought into question in three particulars:

(a) The description refers to the property as lot 13, block 1, Pryor's Elm Grove

addition, and lot 14, block 1, Pryor's Elm Grove addition, "all of the above-described land or real estate situate, lying and being in Oklahoma county, Okla." Whether or not it was essential to the validity of the deed that the description specifically show that Pryor's Elm Grove addition was an addition to Oklahoma City, is contested.

(b) The deed does not contain the language of the statute, "legally liable for taxation." It does contain the words, "and it appearing that said lands were legally liable," etc.

(c) The 60-day notice to the "owner of the land" prescribed by the statute is questioned because the return of service by the sheriff is shown as follows:

"I received this writ April 11, 1929, and executed same in my county by leaving a true and certified copy of this writ with a member of his family over 15 years of age at the usual place of residence of J. Stras Young on 4/12/29."

Counsel on both sides have discussed at length the effect of dismissal of the original suit; manner of pleading the statute of limitations; definition of the term "counterclaim," as well as the requirements for securing title by prescription. The plaintiffs in error complain that the court allowed Ollie Tracey to amend her pleadings after the evidence was in and the case closed.

We take the view that this case was tried upon the cross-petition of the plaintiffs in error not in possession, and that they must recover upon the strength of their own title. They introduced the tax deeds, as well as the evidence upon which the claims of invalidity are based. We do not think the lower court abused its discretion in allowing the defendants in error to amend their pleadings, even after trial, to conform to the proof.

We think it unnecessary to discuss the other issues to which reference has been made, because it appears that the tax deed held by Eva Stutsman, and in which Ollie Tracey was admitted to have an interest, is a valid conveyance of the title to the property involved.

Pertinent sections, or portions thereof, of the Oklahoma statutes (1931) are quoted as follows:

"Sec. 12759. If no person shall redeem such lands within two years, at any time after the expiration thereof, and on production of the certificate of purchase, the treasurer of the county in which the sale of such land took place shall execute to the purchaser, his heirs or assigns, a deed for land remaining unredeemed, which shall vest in the grantee an absolute estate in fee simple in such lands, subject, however, to all claims which the state may have thereon, for taxes or other liens or incumbrances; provided, however, that before any holder of a certificate of purchase issued at any tax sale of real estate shall be entitled to a deed as provided in this section, he shall cause a written notice signed by himself to be served upon the owner of the land if he is within the state, and also upon the person in possession of the said land (if the same be occupied), which notice shall recite the sale of the said lands, specifying the date of such sale and notifying such person that unless redemption is made from such sale within 60 days after the date of the service of such notice, a tax deed will be demanded and will issue as provided by law. * * *.

"All service and return shall be made in the same manner as that of summons in courts of record. The notice, with the tax sale certificate, after being duly served or published, or both, shall be returned and filed in the office of the county clerk, who shall make notation of its date and the date of service on the delinquent sale record, and the fee for such service and publication shall be the same as for like service of summons, and shall be added to the amount necessary to redeem such sales. The notice herein provided for may be served at any time after a date not exceeding 60 days prior to the expiration of two years subsequent to the day of sale."

"Sec. 12760. The deed shall be signed and executed by the county treasurer in his official capacity, and acknowledged before some officer authorized to take acknowledgments of deeds; and when substantially thus executed and recorded, in the proper record of titles to real estate, shall vest in the purchaser a full right, title and interest in and to said lands. Such deed shall be presumptive evidence in all the courts of the state, in all suits and controversies in relation to the rights of the purchaser, his heirs or assigns to the land thereby conveyed of the following facts:

"First. That the real property deeded was subject to taxation for the year or years stated in the deed.

"Second. That the taxes were not paid at any time before the sale.

"Third. That the real property deeded had not been redeemed from sale at the date of the deed.

"Fourth. That the property had been listed and assessed.

"Fifth. That the taxes were levied according to law.

"Sixth. That the property was sold for taxes, as stated in the deed, and was duly

advertised before being sold, and to defeat the deed it must be clearly plead and clearly proven that some one of the above-named six requisites was wholly omitted and not done and a showing that any one or all of them was irregularly done will not be sufficient to defeat the deed."

"Sec. 12763. No action shall be commenced by the holder of the tax deed or the former owner or owners of lands by any person claiming under him or them to recover possession of the land which has been sold and conveyed by deed for non-payment of taxes, or to avoid such deed, unless such action shall be commenced within one year after the recording of such deed; and in case of action to avoid the deed, not until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the parties commencing such action."

The description of the property is shown as lots 13 and 14, in block 1, Pryor's Elm Grove addition, **not indicating the city to which such addition is attached.** However, there is the further statement that the land lies in Oklahoma county, Okla. While this description is not certain, it is capable of being made certain. The plaintiffs in error have attacked this particular deed as relating to the property which they were seeking to recover. They themselves have identified this deed with the property claimed by them. Their claim in this respect should not be sustained.

The deed recites that:

"Said lands were legally liable and had been duly assessed separately, and properly charged on the tax rolls, tax book or duplicate for the year for which the same were sold, and that the lands have been legally advertised for sale for said taxes and were duly, legally and separately sold on the date above set forth."

It is charged that the deed is void or voidable because it does not contain recital in so many words that the lands are "legally liable for taxation."

In view of the recital which has heretofore been quoted, the court finds that this objection is not well founded.

J. S. Young held a tax deed issued to him in 1922. He, as the record owner of the property, was served with 60 days' notice substantially as required by the statute. He was a defendant in this case, but did not answer or file other plea. The notice was addressed to J. S. Young and the return refers to the defendant as J. Stras Young. We do not regard this of sufficient importance to set aside the deed. If there were affirmative evidence that J. S. Young and J. Stras Young were not one and the same person, the situation would be different.

These notices, under the law, are to be served and returned "in the same manner as that of summons in courts of record." It is claimed that the deed is fatally defective because the name of the member of the family upon whom the notice was served is not indicated. This contention is not sustained. Bollenbach v. Huber, 46 Okla. 127, 148 P. 716; Jackson v. Smith, 83 Okla. 64, 200 P. 542.

As before indicated, having reached the conclusion that the plaintiffs in error have not sustained their attack against the tax deed issued to Eva Stutsman, the other questions that have been argued in this case are not material to its proper determination. The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys L. A. Rowland, Archibald Bonds, and S. N. Hawkes in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Rowland, and approved by Mr. Bonds and Mr. Hawkes, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.