## CLEAVES v. FUNK.

### No. 1067.

Circuit Court of Appeals, Tenth Circuit.

April 11, 1935.

See, also, 3 F. Supp. 804.

E. M. Calkin, of Tulsa, Okl. (Charles L. Yancey, G. C. Spillers, and Donald L. Brown, all of Tulsa, Okl., on the brief), for appellant.

A. F. Moss, of Tulsa, Okl. (H. R. Young, of Tulsa, Okl., on the brief), for appellee.

Before LEWIS and PHILLIPS, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge.

This appeal involves service of process and limitation of actions under the Oklahoma statutes. The controversy grows out of the following circumstances: The appellant, as plaintiff in the court below, instituted a cause of action for the recovery of money, with interest from the 27th day of January, 1926. On September 15, 1927, the cause of action was first instituted which on February 24, 1932, with the permission of the court, was dismissed by plaintiff without prejudice. The cause was again commenced on February 18, 1933, by the filing of the petition herein. On the same day a summons was issued upon præcipe and delivered to the marshal for service. He purported to serve the summons upon the defendant Funk, indicating by the return that the officer had received it upon the day of its issuance and had served it upon the defendant by delivering a certified copy to the mother of the defendant; she being an adult member of his family and residing at his usual place of abode in the city of Tulsa, Okl. On March 20, 1933, the defendant appeared specially, for the purpose of the motion only, and moved to quash

the service of the summons upon the ground that it was not served and returned according to law as not having been served by delivery to the defendant in person or by leaving a copy at the usual place of residence of said defendant with a member of his family over 15 years of age. The trial court took evidence as to the manner of the service, and on June 30, 1933, entered its order sustaining the motion to quash. On July 31, 1933, an alias summons was issued upon præcipe by the clerk which was served upon the defendant personally on August 2, 1933. On August 16, 1933, the plaintiff entered an appeal from the order of the court sustaining the motion to quash the service of the summons, which appeal was allowed. On August 31, 1933, the defendant filed his demurrer to the petition of plaintiff, alleging as the ground therefor that the cause of action was barred by the statute of limitations prior to the time that the alias summons was served on the defendant. The demurrer came on for hearing before the court on December 19, 1933, was sustained, and, the plaintiff electing to proceed no further but to stand upon said petition, a final judgment in favor of the defendant, with costs, was thereupon entered. On January 6, 1934, the plaintiff entered his appeal from the order of the court sustaining defendant's demurrer, which appeal was allowed and a citation issued in due course.

The record tends to disclose that there were two separate appeals, but apparently the first appeal from the order quashing the service was not perfected. It may be assumed that the alleged error and exception in connection with the order sustaining the motion to quash service is properly carried into the record by virtue of the second appeal, and is therefore properly before this court, with the other questions involved, for consideration.

The points presented are: (1) Whether the trial court erred in quashing the summons because of defective service; and (2) whether the court erred in sustaining the demurrer to plaintiff's petition upon the ground that the cause of action was barred by the statute of limitations.

■ It is undoubtedly the rule in the federal courts that, where no designated method is prescribed by the federal statutes for serving process in law cases, under the Conformity Act, 28 USCA § 724 (R. S. § 914), the rule for service of process under the state law and practice should be followed.

Amy v. Watertown, 130 U. S. 301, 9 S. Ct. 530, 32 L. Ed. 946; Petty & Co. v. Dock Contractor Co. (C. C. A. 3) 283 F. 341. We must therefore look to the statutes of Oklahoma as a guide for what may be considered as proper service of process in the case at bar.

Section 172, O. S. 1931, provides: "The service shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of his family over fifteen years of age, at any time before the return day."

The record clearly discloses that the mother of the defendant, with whom a certified copy of the summons was left at his usual place of residence, was a woman 78 years of age and had resided for more than 60 years in the city of Titusville, Pa.; that she had repeatedly voted there and was a citizen and taxpayer of Titusville; that she was a woman of independent means and supported herself; that for a few months during the winter nearly every year she visited her son, the defendant, in Tulsa, and was visiting him for a period before Christmas, 1932, until the latter part of March, 1933; that thereafter she spent some time in New Mexico, visiting relatives, and then returned to her home in Titusville; and that she never resided with her son continuously, but visited him at yearly intervals.

■ The Supreme Court of Oklahoma has had occasion to pass upon controversies of this nature. In Mayhue v. Clapp, 128 Okl. 1, 261 P. 144, 146, the rule was announced that the return of an officer was not conclusive, but was prima facie evidence of its truthfulness, which would require strong and convincing proof to overcome. After a discussion of the term "member of his family," as found in the statute (C. O. S. 1921, § 239), the court expresses itself as follows: "It therefore seems that the group of persons constituting a family must reside in the same household, over which there is one head, but that outsiders, or persons who are there to visit, or on business, are not members of the family. The fact that W. E. Mayhue may have been around the home of G. C. and Bess Mayhue, either visiting or on business, would not constitute him a member of their family, nor would it constitute them members of his family."

The same necessary permanency of residence is pointed out in Jackson v. Smith, 83 Okl. 64, 200 P. 542. Analyzing the facts

830

of this case in the light of the Oklahoma decisions, it must conclusively appear that the mother of defendant was not permanently residing in his home as a member of his family and that the trial court committed no error in quashing the service.

■ The second point involves the interpretation of the Oklahoma statutes as to the commencement and limitation of actions. Section 103, O. S. 1931, provides: "An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a co-defendant, who is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

It comes before us in the following manner: On the face of plaintiff's petition it appears that the cause of action accrued on January 27, 1926. The first suit was started September 15, 1927, and dismissed on February 4, 1932. The statute provides that, where a suit is dismissed without prejudice upon plaintiff's own motion, it must be brought within one year after such dismissal. Section 106, O. S. 1931. The cause of plaintiff, being one upon a contract expressed or implied, not in writing, was limited to 3 years after its accrual. Section 101, O. S. 1931. (The situation would be the same were the 5-year statute applied.) But the statute, having been tolled by the timely filing of the first suit, was extended for one year after the dismissal, which would be February 24, 1933. This cause of action commenced on February 18, 1933, was therefore in time, but for the provisions of the statute, section 103, supra, as to the matter of service. Under the provisions of such section it will be seen that an action shall be deemed commenced "when

the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days." The service of the last summons being long after the expiration of the 60-day period when the first service was attempted, the question is whether or not the statute of limitations had run against it. This point seems to have been ruled by the Oklahoma Supreme Court in the case of Cowley-Lanter Lumber Co. v. Dow, 150 Okl. 150, 300 P. 781. There the case arose upon a defective summons, the motion against which was confessed; the court holding that, where an alias summons was issued after the limitation had run, the suit was barred by the statute. The statute was taken from Kansas, and the decision quotes copiously from the Kansas cases which had previously adopted the same construction. Under this ruling the plaintiff was bound to secure his service within the 60-day period in order to preserve his right of action against a defense of the statute. Appellant contends that the 60-day period should date from the time when the motion to quash was sustained, and that in the meantime the running of the 60-day period should be suspended. We find no authority sustaining this contention. On the other hand, the Cowley-Lanter Lumber Case, supra, and the Kansas decisions therein cited, seem to hold to the contrary.

The argument of appellant that he should not be required to sacrifice his right to have the motion to quash passed upon before making another service is not appealing. It was logical and proper, of course, to attempt to sustain the service, but it is not in accord with legal or equitable principles that in granting him this opportunity the statute of limitations should be tolled in his favor. He had the right to gamble, but it should be at his own risk. A safe procedure for plaintiff would have been to have confessed the motion and served again, for which the time was ample.

The trial court was right in sustaining the demurrer, and, finding no error in the record, its judgment is affirmed.