A & A TOOL & SUPPLY CO. v. GRAY.

No. 30968. June 1, 1943.

Rehearing Denied June 22, 1943.

*140 P. 2d 926.*

Stephen A. George, John C. Caldwell, and Woodrow George, all of Ardmore, for defendant in error.

BAYLESS, J. John Gray brought an action in the district court of Carter county against A & A Tool & Supply Company, a corporation, for damages alleged to have arisen from the conversion of certain personal property, and laid the venue of the action in that county by virtue of 12 O. S. 1941 § 134. Defendant appeals from a judgment in favor of plaintiff.

The first contention made by defendant is that the summons served on it in Oklahoma county shows service upon the vice president in the absence of the president when, as a matter of fact, the president was in the county and there is no statutory authority for serving the vice president of a domestic corporation. Reference is made to 12 O. S. 1941 § 163, and the decisions of this court construing that section, particularly Roth v. Fern Oil & Gas Co., 155 Okla. 154, 8 P. 2d 63.

We take up first the issue of fact whether the corporation's president could have been found in the county. The sheriff's return recites: ". . . the president . . . not being found in my county." In its attack upon the correctness of the sheriff's return, defendant made some effort to introduce evidence to show that its president was in the county at the time the summons was served on the vice president. This effort was not followed to completion, and. as a result defendant did not introduce evidence to contradict the sheriff's return that the president could not be found in the county. It will be noted that the statute, section 163, supra, does not require that a corporation's president be absent from the county as a condition precedent to serving summons on some other officer or agent, but only requires that he "is not found in the county." A presumption of correctness is indulged in favor of an officer's return, and while it is not conclusive, strong and convincing evidence must be introduced to overcome it. Mayhue v. Clapp, 128 Okla. 1, 261 P. 144.

Earl Foster, of Oklahoma City, for plaintiff in error.

We next consider whether service of summons on a vice president of a corporation, in the absence of its president, is permissible. Section 163, supra, reads:

"A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer or upon an agent duly appointed to receive service of process; or, if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of such corporation, with the person having charge thereof."

In Colonial Refg. Co. v. Lathrop, 64 Okla. 47, 166 P. 747, the return of the sheriff negatived the finding of the president of the corporation in the county and showed service on the managing agent, one of the class of officers named in the second sentence. It was urged that in the event of inability to find the president, the vice president was the "chief officer" in the county and the summons should have been served on him or the inability to serve him shown. We held that it was necessary to negative the ability to find the president only as a condition to serving the alternates. There is no language in that opinion that says a vice president is not eligible for service under our statute.

However, in Roth v. Fern Oil Co., supra, there is language to that effect. In that case the sheriff's return recited inability to find the corporation's president in the county and showed service upon its vice president. A default judgment was rendered, and later an effort was made successfully to have the judgment set aside. The grounds urged for setting the judgment aside were that it had not been sufficiently established, in support of the sheriff's return, that the corporation's president could not be found in the county, and that its vice president was not eligible for service under the statute, supra. The primary issue determined by this court in that opinion was that the trial court's order vacating the judgment in order to permit the corporation to have its day in court and defend upon the general grounds of common justice was not error. That was sufficient to a complete disposition of the appeal, but further discussion was indulged relating to other issues and to this extent dictum is present in the opinion. That part dealing with the validity of the service of a summons upon the vice president of a corporation is wholly unnecessary to the case; and, in addition, we are now convinced it is erroneous as well.

It has been noted that a corporation's vice president is not expressly named in our statute. However, the use of the term "other chief officer" is broad enough to cover an officer who, by the particular desire of the corporation, may be its chief officer irrespective of his designation, as well as those officers who bear customary corporate titles and whose rank is customarily understood therefrom. Thus, in the sense of a corporation's president or "other chief officer," whatever is his designation, the one next in rank, by common acceptance, becomes, for the time being, its chief officer. By this reasoning a vice president, or other successor chief officer, becomes eligible for service of summons. The language of 19 C. J. S. 995, § 1312, is:

"The rationale of all rules for service of process on corporations is that service must be made on a representative so integrated with the corporation sued as to make it apriori supposable that he will realize his responsibilities and know what he should do with any legal papers served on him."

This rule aptly applies to a vice president who is active in the affairs of the corporation. The trial court correctly overruled the attack upon the service of the summons in this case.

The second and third contentions of defendant touch matters relating to the instruction requested by it and refused, and the failure of the trial court to sustain its demurrer to the evidence or its motion for directed verdict.

The facts show that Gray let one Walker have a tubular steel derrick to

be used by Walker in the drilling of a well. Gray's allegations and proof are that defendant, as creditor of Walker, seized this derrick and sold it in satisfaction of its claim against Walker, after having been informed that the derrick belonged to Gray and not Walker. On the part of defendant, the facts show that Walker was indebted to it and executed a chattel mortgage to it to secure the debt, which mortgage covered an angular steel derrick. Its proof was that it was an angular steel derrick it seized and sold under the terms of the mortgage. At this point, it is proper to point out that Walker denied having mortgaged any derrick to defendant, and produced a copy of the chattel mortgage he executed which showed on its face a line drawn through the word derrick described therein. The evidence introduced by each party in support of the divergent contentions was sufficient to sustain a verdict of the jury.

In this view of the case the contentions made by defendant lose their point. It never claimed any right to seize or sell the tubular steel derrick. Therefore, if the jury found and believed, as its verdict indicates, that defendant did seize and sell Gray's tubular steel derrick, it was wholly without right to do so. The instruction it requested dealing with the presumptions that arise from entrusting one's personal property to another with indicia of ownership is inapplicable; for, if Gray did entrust his tubular steel derrick to Walker under circumstances that would have misled Walker's creditors, it cannot avail defendant, for defendant does not claim it had a chattel mortgage on a tubular steel derrick and could not have been misled.

As stated before, the evidence introduced by Gray was sufficient to support a verdict in his favor to the effect that he did let Walker have a tubular steel derrick, that defendant seized and sold it over his protest, and that he was thereby damaged. This being so, the trial court correctly overruled defendant's demurrer to Gray's evidence and correctly denied defendant's motion for directed verdict.

The judgment appealed from is affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.